# SUPREME COURT.

## BOYCE agt. BATES.

Where an action is brought by a plaintiff not residing in this State, the obtaining of an order that the plaintiff file security for costs with a stay of proceedings, is not an abandonment of the defendant's claim on the *plaintiff's attorney* for costs.

And where, in such case, the defendant afterwards notices the cause for trial, it is a waiver of the stay of proceedings, and the plaintiff is at liberty to appear and prosecute the cause at the circuit.

The plaintiff's attorney, in such case, is liable for all the costs of the defence, including the costs of proceedings to obtain security for costs; but not for an amount exceeding in the aggregate one hundred dollars.

A demand of payment from the attorney so liable, before the making of an order requiring the attorney to pay such costs, does not entitle the defendant to process in the first instance; nor can such process be awarded till demand of payment shall have been made, after the making of the order and on service of a certified copy thereof, nor until the expiration of twenty days after such demand and service, when, on proof thereof, and of non payment, an order for process may be made on an *ex parte* application.

The process to be issued in such case is no longer a precept in nature of an attachment, but since the act of 1847, it has been process in nature of a *fieri facias*, against personal property.

*Albany Special Term, December*, 1853. The defendant moved for process against the plaintiff's attorney, to compel him to pay the costs of this suit in judgment, being $81,60, and also $10 costs, adjudged against plaintiff on denial of a previous motion, and costs of this motion, on the ground that the plaintiff was a non-resident at the time of the commencement of this suit. The other facts are sufficiently stated in the opinion of the court.

J. HOLMES, *for Plaintiff.*
J. B. GALE, *for Defendant.*

PARKER, Justice.—The plaintiff was not a resident of this State at the time of the commencement of this action. In such case the defendant may require the plaintiff to file security for costs, and stay all plaintiff's proceedings till such security be filed. (2 *R. S. 3d ed.* 711, *sec.* 1.) After issue joined, and

after the place of trial in this action had been changed from Wayne to Rensselaer, an order was made on the defendant's motion, requiring plaintiff to file security for costs, within forty days, and staying plaintiff's proceedings till such security should be filed. No security was filed, and after the lapse of the forty days, the defendant noticed the cause for trial, and the plaintiff not appearing, by counsel or otherwise, at the circuit, the complaint was dismissed. The costs being adjusted on due notice, and the judgment perfected, payment of the costs was demanded from the plaintiff's attorney, who refused to pay the same.

This motion is resisted, on the ground that the defendant, having taken steps to compel the plaintiff to file security for costs, ought not afterwards to abandon such proceeding and rely upon his claim upon the attorney; and that the defendant, if entitled to payment from the attorney, can not collect from him the costs of proceeding, by noticing for trial, to obtain a dismissal of the complaint, after having taken steps to compel the filing of security, and after having stayed the plaintiff's proceedings till such security should be filed.

In all cases where the plaintiff is a non-resident at the time of the commencement of the suit, the attorney for plaintiff is liable for costs to an amount not exceeding one hundred dollars, until security for costs shall be filed, whether such security shall have been required by the defendant or not. (2 R. S. 3d ed. 711, sec. 7.) The requiring of the security for costs in this case was, therefore, no waiver of the claim upon the attorney. No security was filed in obedience to the order, and the liability of the attorney continues until security be filed.

As to the stay of proceedings, the notice for trial was a waiver of it, and the plaintiff was at liberty to appear and prosecute the suit. Hay agt. Power, (2 Edw. R. 494.) The plaintiff having refused to obey the order to file security, the defendant had a right to proceed in the cause, as if none had been demanded, and to rely on the liability of the attorney for his costs. The attorney could have relieved himself from

Boyce agt. Bates.

such additional expense by discontinuing the suit, and paying costs up to that time.

The motion must be granted, and the order will be that the attorney pay to the defendant, the costs in judgment, $81,60, and interest since 28th June, 1853, and also ten dollars subsequently adjudged to the defendant for resisting a motion made by the plaintiff, and also $10, costs of this motion, not exceeding in the whole, one hundred dollars. (2 *Cowen*, 460; 10 *Wend.* 621.) In case of a failure to comply with such order within twenty days after demand duly made, and service of a certified copy of the order, another application to the court will be necessary, but it may be made *ex parte*. (1 *Barb. Ch. Pr.* 593.) The defendant will then be entitled to an execution against the personal property of the attorney; process, in nature of a *fieri facias* against personal property, having been substituted, by statute, for a precept in nature of an attachment. (*Sess. Laws of* 1847, *page* 491.) The demand of payment which has already been made, will not avail the defendant, or excuse him from making a further demand. The case of Norton agt. Rich, (20 *John.* 475,) is inapplicable. That was the case of an assignee, for whose benefit the suit was prosecuted. An attorney for a non-resident plaintiff cannot be proceeded against as for contempt, unless he refuses payment after an order of the court has been made and served, requiring him to pay.

Motion granted.