### BENNETT *v.* VAN SYCKEL.

The defendant in a judgment was thereby declared to hold a lease for the use of the plaintiff, and was required to assign, upon being indemnified against its personal covenants and having refunded, by the plaintiff, rent and taxes already paid. After proceeding to enforce the provisions in his favor, the defendant appealed from the residue of the judgment. *Held,* that all the provisions being connected and dependent, the right of appeal was waived by the appellant's enforcing a portion, and his appeal dismissed.

MOTION to dismiss the appeal. The facts are stated in the opinion of the court.

*Nicholas Hill,* for the appellant.

*C Tracy,* for the respondent.

COMSTOCK, J. The suit was instituted for the purpose of compelling an assignment to the plaintiff of a lease of premises in New York, given by one Goelet, who was the

owner, to the defendant. The plaintiff claimed the assign-
ment, on the ground that he had been the defendant's
assignee of a prior lease, to which was attached a customary
privilege of renewal; and he alleged, in substance, that the
defendant had surreptitiously obtained the new lease, thus
depriving him of the privilege to which he was entitled.
Judgment was rendered in June, 1854, at the special term
of the Superior Court of the city of New York, declaring
that the defendant held the new lease for the plaintiff's use,
and directing an assignment thereof. The judgment also
required the plaintiff to execute a bond with sureties indem-
nifying the defendant against his covenants to Goelet,
contained in the lease; and the assignment and bond of
indemnity were to be concurrently delivered. In case the
defendant should appeal, the assignment was to be filed
with the clerk of the court, and the bond was to be filed
also. Then there was a further provision inserted, as the
judgment recited, at the defendant's request, requiring the
plaintiff to pay into court the sum of $1,200, for three
quarters' rent, which the defendant had paid to Goelet on
the lease, and also the sum of $209.82 for taxes which had
accrued against the premises. Leave was also given to the
defendant to apply to have these moneys paid over to him
or so much thereof as he was entitled to; and the plaintiff
had leave to apply, either on his own motion or on the hear-
ing of the defendant's application, to have so much of those
moneys paid back to him as he should be entitled to by
reason of the occupation, prior to the judgment, of part
of the premises by the defendant.

The defendant appealed to the general term of the Su-
perior Court, June 31, 1854, and about the same time
executed and placed on file an assignment of the lease, as
required by the judgment. The plaintiff also executed and
filed the indemnity bond, with sureties, and July 21, 1854,
he paid into court the sums of money above mentioned
The appeal was from the entire judgment, except the parts

which required the plaintiff to give the bond and pay the money into court. Before taking that appeal, the defendant had applied to have the moneys so deposited paid over to him, pursuant to the judgment, and an order of reference had been made on that application, but no proceedings were had on the reference until after the affirmance of the judgment at the general term, which took place in June, 1855. After such affirmance, but before bringing the present appeal to this court, the defendant proceeded on the reference, and a report was made, stating the proportion of said moneys to which each of the parties was entitled. Some proceedings were had on this report, resulting in a final order, which divided the money between the parties, awarding the principal part to the defendant. The defendant also served a notice on the plaintiff, requiring him to indemnify according to the terms of his bond. Soon afterwards he obtained from the court leave to sue the bond, and actually commenced a suit upon it on the 28th of October, 1855. On the 31st of December, 1855, after taking the above mentioned proceedings, he appealed to this court. The plaintiff now moves to dismiss the appeal, on the ground that the right of appeal was waived by those proceedings.

We think the motion must be granted. The defendant's appeal, it is true, does not, in terms, include those parts of the judgment which required the plaintiff to execute an indemnity bond, and to pay money into court on account of rents and taxes, which the defendant had paid under the lease in question. But all the provisions of the judgment were connected and dependent. Those parts included in the appeal could not be reversed without a reversal of the whole. The defendant was required to assign the lease, but as he was personally bound by the covenants which it contained, and as he had paid the rent and taxes while occupying only a part of the premises, the plaintiff, in consideration of the assignment, was required to indemnify against those cove nants and to refund the moneys which the defendant had thus

paid, subject to a just allowance for the partial occupation. If, therefore, on a review of the judgment, it shall be found that the defendant was not bound to transfer the lease, the conclusion will plainly follow, that the plaintiff was under no obligation or duty to indemnify him against the covenants, or to refund the rents and taxes. The entire judgment must consequently be reversed, if- the part which is expressly appealed from is found to be erroneous. And it results that the defendant could not both proceed to enforce such portions as were in his favor, and appeal from those which were against him. The right to proceed on the judgment and enjoy its fruits, and the right of appeal were not concurrent; on the contrary, were totally inconsistent. An election to take one of these courses was, therefore, a renunciation of the other. We think the election was made when the defendant took the proceedings in court for obtaining the money which the plaintiff had deposited, and when he also proceeded on the indemnity bond, executed and filed in pursuance of the judgment.

All the other judges concurring,

Appeal dismissed.