Sneider v. Heidelberger.

J. T. MAY, for appellant.
BRADFORD & MARTIN, *contra*.

---

## SNEIDER *vs.* HEIDELBERGER.

[APPLICATION BY SHERIFF TO CIRCUIT COURT FOR INSTRUCTIONS AS TO SELLING LAND LEVIED ON BY ATTACHMENT, BEFORE THE LAW UNDER WHICH IT WAS CLAIMED AS EXEMPT WAS PASSED.]

1. *Circuit court; what can not decide on motion of sheriff for instructions.* The circuit court, upon a motion of the sheriff asking such instructions, can not decide whether property claimed by a defendant in execution to be exempt from levy and sale, is so exempt, or not.

2. *Section 2884 of Revised Code not unconstitutional because it applies to contracts entered into before its enactment.*—Section 2884 of the Revised Code, which exempts one thousand two hundred dollars worth of real estate, and one thousand dollars worth of personal property, from levy

and sale under legal process, applies to contracts previously entered into, and is not, on that account, unconstitutional.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

On the 14th day of August, 1866, the appellee sued out an attachment, &c., which was on the same day levied on the homestead of the appellant. On the 20th December, 1867, appellee obtained judgment on said attachment, upon which judgment executions were regularly issued and levied on the same property until March, 1869, when the sheriff advertised the land for sale. Before the sale, the appellant filed his written affidavit with the sheriff, claiming said property as exempt to him as a homestead under the laws of Alabama; and thereupon, in pursuance of section 2881 of the Revised Code, freeholders were summoned, &c., who set off the homestead by metes and bounds to the value of one thousand seven hundred dollars. The proceeds of the sale of the property, not set off as a homestead, being insufficient to satisfy the judgment, the appellee, Heidelberger, insisted that the sheriff should sell the property set off as a homestead, except five hundred dollars worth, exempt under section 2880, for the satisfaction of his judgment; and thereupon the sheriff applied to the circuit court for instructions. On the hearing of the motion, both the appellant and appellee, as well as the sheriff, appeared by counsel, and the appellant objected to the jurisdiction of the court to entertain the motion. The court being of opinion that section 2884 of the Revised Code, which, in addition to the property already exempt by law, exempts one thousand two hundred dollars worth of real estate for a homestead, and which was incorporated into the Code from the act of the 19th of February, 1867, did not apply to this case, overruled the objection to its jurisdiction, and directed the sheriff to sell the property set aside by the freeholders under section 2881 of the Revised Code, leaving appellant five hundred dollars worth of real estate as exempt under section 2880. The appellant, Sneider, excepted to the overruling of his objection

to the jurisdiction of the court and to the directions to the sheriff, and now brings the case here by appeal.

BOYLES & OVERALL, for appellant.—The circuit court had no jurisdiction to make the order and render the judgment it did in this case. When a sheriff receives an execution, his duty is to obey the mandate of the writ, and if he refuses without proper, legal cause to levy or sell property, the plaintiff has his remedy by rule or otherwise, and the circuit court has not the legal power, when an execution has been regularly issued from the court, and in the hands of the sheriff, to make an order directing the sheriff to levy or not levy upon and sell or not sell a specific piece of property. The power of the court over the process regularly issued, must be exercised in a manner pointed out by law.—Rev. Code, §§ 2880, 2881.

2. The appellee contends that as the attachment was levied in 1866, and the exemption was not enlarged to one thousand seven hundred dollars until February, 1867, it ought not to be held to apply to this case. This position is not tenable, for the reason that an attachment lien is only an inchoate or imperfect right, and that the right of exemption pertains and exists *at the time* it is claimed, if made in proper time and before the sale. The right of homestead exemption exists in full as the facts and law may be at the time of sale of the property, except as against a previous *vested* right, such as a mortgage or judgment lien, but even the latter is subservient to the exemption law.

*Lien of attachment is an imperfect lien, and may be given or taken away, as it pertains to the remedy.*

In the case of *Watson & Simpson v. Simpson*, 5 Ala. 233, judgment was rendered, execution issued and placed in the hands of the sheriff, but before the levy was made defendant was married and became the head of a family. The supreme court says :

" That statutes of this description have always received a liberal construction to effectuate the intention of the legislature, which was to preserve the exempt property free from levy and sale by virtue of legal process, and that the

exemption should not fail because the family came into existence *after a general lien, by operation of law,* had attached on the property, in favor of a creditor."

" A lien given by law may be taken away by law, and there is no doubt of the power of the legislature to pass the act in prohibiting the levy and sale from being made."

In that case, it will be observed that the right of the family to the exempt property accrued subsequent to the execution lien, which is a lien of a higher character than the attachment lien, and yet the supreme court sustained the charge of the court below, that "*the lien in favor of the family was paramount to the lien of the plaintiff in execution,*" &c.

The doctrine of this case has been affirmed by this court in the case of *Fitzpatrick et al. v. B. & W. Edgar,* 5 Ala. 503, in defining the character of legal liens. See, also, *Stone v. Darrell,* 20 Texas, 11; 20 U. S. Dig. p. 474, § 9; Cooley's Constitutional Limitations, p. 287.

An attachment is an inchoate and imperfect lien, dependent upon the success of the plaintiff's suit, and if successful, liable to be discharged and destroyed by the death and insolvency of the defendant.

In the case of *McEachin v. Reid,* 40 Ala. 410, the court say " this doctrine has been too long the settled law of this State to be now disturbed."—See, also, cases there cited.

The act of February, 1858, (Rev. Code, § 2680,) exempts the homestead to the extent of five hundred dollars in value, and the act of February, 1867, (Rev. Code, § 2884,) povides that in addition to the real property then exempt, there shall be retained for the use and benefit of every family, twelve hundred dollars worth of real estate, making an aggregate real estate exemption of one thousand seven hundred dollars; and section 2880 provides the method of setting off the homestead, by three disinterested freeholders, and after that is done, there are no further directions. In this case, the statutory directions have been fully and completely carried out. No other or further proceedings are required or provided for, and, therefore, the appellant, Sneider, insists that the subsequent proceedings in the

circuit court are unwarranted by law, precedent or authority. As soon as the appraisers under the statute had set off the property by metes and bounds, the same was released from the lien of the attachment and execution, and the exemption law covered it.—See *Hall v. Hough*, 24 Ind. 273; Revised Code, §§ 2280, 2281, 2284.

If the property was liable, and the sheriff refused to levy and sell, the plaintiff had his remedy by rule, and if sold and the purchaser obtained the sheriff's deed, he had his action of ejectment.

JAMES BOND, *contra.*—1. This proceeding rests upon the levy by attachment upon the property of the defendant. The property thus levied upon is subject to the action of the court, and the disposition of it within the control and power of the court. The proceeding is not exhausted until the final sale of the estate of the defendant thus brought before the court.

The proceeding by attachment partakes in some degree of the nature of a proceeding *in rem*, in so far at least as to put the estate and right of the defendant which is levied upon, under the control of the court, for the two-fold purpose of preventing a sacrifice of the property of the defendant, and to enable the plaintiff, as far as possible, to collect his debt.—See Drake on Attachment, § 5.

The sheriff, as an officer of the court, is subject to its control, and the court has a right to direct him as to the extent and manner of executing its process. The court has full right and power to control its own process. In strictness, the money made on an execution is to be brought into court for the further order of the court. Payment by the sheriff to the plaintiff is of later practice. Bingham on Executions, 226; vol. 13 Law Library.

In *Lankford v. Jackson*, 21 Ala. 650, the court, in setting aside a sale made by a sheriff, on the ground of a gross sacrifice of the property of the defendant in execution, say : "The court will never lend its process, or permit it to be improperly used to work injustice or oppression ; but if such use be made of it, the court will, *by virtue of its power over its officers, suitors and counsel*, rectify the abuse,

and restore to the party injured that of which he has been deprived, either by fraud, negligence, or misconduct of its officers."

In the following cases, instances of the exercise of this control by courts over their officers and final process, and especially as to sales of property on execution, may be found: *Mobile Cotton Press v. Moore*, 9 Porter, 692; *Abercrombie v. Conner*, 10 Ala. 293; *McCullom v. Herbert*, 13 Ala. 291; *Lee v. Davis*, 16 Ala. 516; *Henderson v. Sublett*, 21 Ala. 626.

The court and its officers are the supreme arbiters of rights and remedies, and will, of course, deal carefully with the property of the citizen. Their power, arbitrarily exercised, through the sheriff as executive officer, if not subject to the control of the court, would speedily become an engine of great oppression to the citizen. The court will always control its officers so as to secure a careful and just administration of the law.

In this case, the doubt as to the extent to which the property was liable was likely to cause a sacrifice of the property, whereby both parties might suffer, the plaintiff lose his debt and the defendant his property. If the sale had so resulted, under the authorities above cited in our own State, the court would, on application, set aside the sale.

It seems to be much better that the court should be permitted, on the application of its own officer or any other party in interest, by its order to prevent the delay and expense of such proceedings by its previous order. " An ounce of prevention," in such a case, " is worth a pound of cure." There are many decisions that motions of this character are now heard in place of the old remedy of *audita querula.*—*McDonald v. Falvey*, 18 Wis. 571; *Spofford*, 15 Wis. 475; *Cooley v. Gregory*, 16 Wis. 303; *Wardell v. Eden*, 2 Johns. Cases, 258.

2. Was the order right on the merits?

Section 2943 of the Revised Code authorizes attachments to be levied on " real estate, whether the same be a *fee simple* or any less legal estate, or personal property of the defendant."

" Sec. 2955. The levy of an attachment creates a lien in favor of the plaintiff upon the estate of the defendant so levied on, from the levy."

This lien is a fixed interest in the property somewhat in the light of a mortgage, or other encumbrancer."

In *Lyon v. Sanford*, 5 Conn. 544, the court held the attaching creditor a necessary party to a preclosure suit, as a party in interest. The court say : " It is true, that the lien acquired by an attaching creditor is not an *interest in land ;* and that it can not, as an interest in land, separate from the debt, be conveyed or assigned ; but like the lien or interest of a mortgage, a transfer of the debt on which the attachment issued, would also carry with it the lien ; and the purchaser of the debt on which the attachment issued would also acquire with it the lien, and by pursuing the suit to judgment and levying the execution on the land, would acquire all the rights of the original creditor."

The constitution forbids that any vested right shall be taken away by the legislature. A retroactive construction is abhorrent, and will not be permitted or given to a statute unless its terms are imperative. The language of the act of the legislature is, that the increased amount of property *shall* be exempt. It looks only to the future. There was no intention to take away a lien then existing by an execution or attachment then already levied. It is admitted that the legislature have the right to regulate and control the remedy and the forms of proceeding.—*Ex parte Pollard*, 40 Ala. 77. In this case, to exempt this property is to divest a right acquired by the plaintiff.

If the court can give free force to the law by making it apply to future contracts, it will not, unless compelled by the language of the act, intend that the legislature meant to give the law a retrospective operation. The constitution of 1867 expressly limits its exemption to future contracts.

In *Bronson v. Kinzie*, (1 How. p. 321,) the court say such exemptions apply to " all future contracts."

Another objection to this law is, that the exemption is

Sneider v. Heidelberger.

too large. It has the effect to impair the obligation of contracts.

The cases of *Watson v. Simpson*, (5 Ala. 233,) and *Fitzpatrick v. Edgar*, (5 Ala. 503,) are put by the court upon the express ground that they were liens given by law only. Can this be said of a lien acquired by the acting party in taking out an attachment and causing an actual levy to be made?

The cases of *Lamar v. Gunter*, (39 Ala.) and *McEachin v. Reid*, (40 Ala.) are distinguishable from this case. The attachments in those cases failed to take effect by reason of the death of the defendant and the insolvency of his estate, a contingency for which the law had made provision when the plaintiff took out the attachment.

In this case, the plaintiff is attempted to be subjected to an *ex post facto* law, passed long after he had acquired his lien under the attachment.

B. F. SAFFOLD, J.—The sheriff asked the circuit court to instruct him whether he ought to sell, under an execution, lands which the debtor claimed to be exempt from levy and sale under any legal process. The inquiry involves the question, whether a lien upon property obtained by attachment is removed by a law passed subsequently exempting the property from sale for the use of families. Is this such a matter as may be determined on motion and notice to the proper parties? The summary remedies authorized by statute are not applicable. The *audita querela*, though without well defined limits, seems to be confined to matters which might have been made available to the party during the progress of the cause, if then known or existing. The summary relief upon motion which has taken the place of that writ, is directed to the prevention of an abuse of process, or some evident oppression of the plaintiff or officers of the court. In this case, the plaintiff might have moved for a rule upon the sheriff for not making the money, and thus brought the question before the court upon the sheriff's defense. But if the sheriff may be instructed by the court upon what property an execution may be levied in one case, why not in all? If the

court had jurisdiction to instruct the sheriff as it did, its judgment would protect the officer and deprive the defendant of his action for damages. Yet we know such is not the case. We think the proceeding was unauthorized.— *Hammer v. Freese,* 19 Penn. 255.

The original suit was commenced by attachment levied on the property in question in 1866. The judgment was obtained after the passage of the exemption law of February 19th, 1867. The lien of an attachment is one given by law.—Revised Code, § 2955. It may be taken away by law.— *Watson v. Simpson,* 5 Ala. 233 ; *Hale v. Cummings & Spyker,* 3 Ala. 398 ; *Lamar v. Gunter,* 39 Ala. 324 ; *Ray v. Thompson,* 43 Ala. 434.

There is no constitutional exception to laws which exempt certain portions of a debtor's property from execution being so modified as to increase the exemptions, and the modifications made applicable to contracts previously entered into. "Regulations of this description have always been considered, in every civilized community, as properly belonging to the remedy, to be exercised or not, by every sovereignty, according to its own views of policy and humanity."—Cooley on Con. Lim. 287.

As no jurisdiction of the matters in the transcript was obtained in the circuit court, the appeal is dismissed without costs.