WALLACE & SONS, a corporation, etc., Respondent, *v.* SAMUEL A. CASTLE et al., Appellants.

SAME, Respondent, *v.* SAME, Appellants.

It is not necessary, in order to give jurisdiction to issue an attachment under the Code (§ 227), that the affidavit should state specifically that a summons has been issued or served; a statement that an action has been commenced is sufficient.

To authorize the issuing of an attachment it is not necessary that a summons shall have been served; for that purpose "an action shall be deemed commenced when the summons is issued." (Code, § 227, as amended in 1866.)

The fact that a debtor, who resides in another State, has a place of business within this State, does not make him a resident here, so as to prevent the issuing of an attachment against him as a non-resident. *Tanner* v. *Church* (1 Abb., 299) distinguished and disapproved.

An order of Special Term vacated an attachment "on the defendants stipulating not to bring any actions on the undertaking furnished * * * on the issuing of said attachment, or on account" thereof. Plaintiff appealed from so much of the order as vacated the attachment. On appeal from an order of General Term, reversing said order of Special Term, it was claimed that plaintiff, by appealing only from the portion of the order against it, accepted the portion inuring to its benefit, and so waived the right of appeal. *Held*, untenable, as the rule invoked only applies where the provisions of the judgment or order are such that a party by not appealing from a part enforces or accepts a substantial benefit therefrom, which did not appear in this case; that the form of the notice of appeal at most only presented a question of irregularity.

A motion was made at General Term to dismiss the appeal to it on the ground of such irregularity. It appeared that defendants' attorneys accepted the papers served without objection and without returning them, and that there was *laches* in making the motion. *Held,* that the disposition of the motion was in the discretion of the court; and that an order denying the same was not appealable.

(Argued January 30, 1877; decided February 6, 1877.)

THESE were appeals, the one from an order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term vacating an attachment, the other from an order of said General Term, denying a motion to dismiss the appeal from the Special Term order.

The attachment was issued against defendants as non-residents. The affidavit upon which it was founded stated, in substance, that plaintiff is a corporation duly organized under the laws of the State of Connecticut, and doing business in the State of New York. That defendants sold goods for it on commission, in the city of New York, to the amount of $666.88, but neglected and refused to pay over the proceeds. "That an action for the recovery of said amount has been commenced." That said defendants are non-residents of the State of New York, two of them being residents in Connecticut and one in New Jersey.

The affidavits upon which the motion to vacate the attachment was based did not deny the allegation as to residence, but alleged in substance that defendants had, at the time of issuing the attachment and for several years prior thereto, a place of business in the city of New York, also that "at the time of the service of the summons and attachment in this action" no cause of action existed as plaintiff's claim was not due. The opposing affidavits denied the allegation that the claim was not due, but on the contrary alleged the agreement to be that the proceeds of sale should be paid over as soon as received.

The order of the Special Term was that the attachment "be and the same is hereby dissolved on the defendants stipulating not to bring any actions on the undertakings furnished by the plaintiff herein on the issuing of said attachment or on

account of the said attachment." The appeal was from " that portion of the order    *    *    *    which vacates and discharges the attachment issued in this action."

Upon the motion to dismiss the appeal, it appeared that after the service of notice of appeal, a stipulation in conformity with the order, signed by defendants, and one of similar import, signed by their attorney, were served upon plaintiff's attorney. The notice of motion to dismiss the appeal was not served until nearly three months thereafter, and not until after notice of argument of appeal and the appeal papers had been served, which were accepted without objection. The order of the General Term permitted plaintiff to return the stipulations, and upon such return and payment of costs of motion, denied the same.

*Robt. S. Hart* for the appellants. The affidavit on which the attachment issued was insufficient, and did not give jurisdiction. (*Zeregal* v. *Benoist*, 33 How., 129; Code, § 227; *Kerr* v. *Mount*, 28 N. Y., 659; *Skiff* v. *Stewart*, 39 How., 385.) Defendants were residents, in the business sense of the term, and in legal contemplation. (*Towner* v. *Church*, 2 Abb., 299; *Anway* v. *David*, 3 N. Y. Week. Dig., No. 23, p. 532; Laws 1862, chap. 484, § 23, p. 996.) Where there is no preponderance of evidence to sustain an attachment, it must be discharged. (*O'Reilly* v. *Freel*, 37 How., 272.) The appeal from part of the order was an acceptance of the other part and a waiver of the right to appeal therefrom. (*Murphy* v. *Spaulding*, 40 N. Y., 556.)

*A. R. Dyett* for the respondent. The order appealed from does not affect any substantial right, and was not appealable. (*De Barante* v. *Deyermand*, 41 N. Y., 357; *Foote* v. *Lathrop*, 41 id., 361; *Ives* v. *Mem., etc., R. R. Co.*, 58 id., 630; 27 id., 638; 2 id., 186; 3 id., 341; 47 id., 469.) It was discretionary. (*Anonymous*, 59 N. Y., 315; *Howell* v. *Mills*, 53 id., 322; *Bolles* v. *Duff*, 43 id., 469.) The issuing of an attachment against a resident is a mere irregularity. (*Law-*

*rence* v. *Jones*, 15 Abb., 110.)   The appeal was in effect from the whole order, and was proper and regular.   (Code, § 327 ; *Bennett* v. *Van Syckle*, 18 N. Y., 481 ; *Birdsall* v. *Birdsall*, 41 How., 397 ; 53 Barb., 407.)   Defendants were non-residents. ( *Wilson* v. *Mayor, etc.*, 4 E. D. S., 675 ; Laws 1855, chap. 37, p. 44 ; *Murphy* v. *Baldwin*, 11 Abb. Pr. [N. S.], 407 ; *Isham* v. *Gibbons*, 1 Bradf., 69 ; *In re Hawley*, 1 Daly, 531 ; *Lee* v. *Stanley*, 9 How. Pr., 272 ; *Bache* v. *Lawrence*, 17 id., 544 ; *Houghton* v. *Ault*, 16 id., 77, 87, note ; *Chaine* v. *Wilson*, 8 Abb. Pr., 78 ; *Burroughs* v. *Bloomer*, 5 Den., 532 ; *Greaton* v. *Morgan*, 8 Abb. Pr., 64 ; *Barry* v. *Bockover*, 6 id., 374.) The issuing of the summons was sufficient to give jurisdiction. (Code, § 227 ; *Zeregal* v. *Benoist*, 33 How., 133.)

MILLER, J.   It has been held in this court that no appeal lies from an order vacating an attachment, where it is at all discretionary, even although it involves a substantial right. (*Anonymous*, 59 N. Y., 315.)   We cannot, therefore, weigh conflicting evidence or decide upon controverted facts which may arise upon affidavits presented on a motion to vacate an attachment, and when the General Term has decided such questions no review can be had as to the conclusion at which they arrive.   Upon this appeal therefore we can only consider such questions as relate to the jurisdiction acquired by the court upon the papers presented over the proceedings, and such defects therein as are radical and affect the sufficiency of the affidavit upon which the attachment was issued.   It is claimed that the affidavit was insufficient to confer jurisdiction, because it did not show that a summons was issued or that it was served.   It appears from the affidavit that an action had been commenced for the recovery of the amount due the plaintiffs.   This we think would include the issuing of a summons which is essential for the commencement of an action, and without which it could not be instituted, and makes out a case directly within section 227 of the Code. In support of the fact that such summons was issued, is the affidavit of one of the defendants upon which the motion was

made, in which it is stated that at the time of the service of the summons and attachment, no cause of action existed against the defendants in favor of the plaintiffs. In regard to the service of the summons, the section cited, as amended in 1866, expressly provided that for the purpose of that provision " an action shall be deemed commenced when the summons is issued," etc.

Although it was held in *Kerr* v. *Mount* (28 N. Y., 659) that the issuing of a summons is not the commencement of an action, and that a service was necessary for that purpose; that decision was made prior to the amendment cited, which, no doubt, was intended to obviate the defect of the Code in this respect. (*Zeregal* v. *Benoist*, 33 How. Pr. R., 133.)

It is also urged, that the affidavit does not show that the plaintiffs' claim was due and payable. This question was controverted by the affidavits, and decided in favor of the plaintiffs, upon the facts, and hence, as we have seen, cannot be reviewed upon this appeal. The last remark will also apply to some extent, to the point made as to the defendants' residence, and may perhaps be regarded as disposing of that question. But even if the defendants had a place of business in the city of New York, as sworn to in one of the affidavits, we do not think that this fact made them residents of New York. The plaintiffs' affidavit upon which the attachment was issued shows, that they were non-residents of the State of New York; that two of them reside in Connecticut and one in New Jersey. This is not denied, nor do the defendants claim that they were residents of New York for any purpose, but merely were doing business there. This is not sufficient to constitute a residence so as to exempt the defendants from attachment as non-residents, and we concur with the views expressed in the opinion of the General Term upon this branch of the case. The authorities clearly uphold this construction as will be seen by reference to the cases there cited. The case of *Turner* v. *Church* (1 Abb., 299), which is relied upon by the defendants, is distinguishable from the one at bar, and presents some features from which a residence in the State might be inferred, as the defendant had previously resided

in the State, and still continued to keep rooms where he boarded and lodged in the city of New York, except on Saturday of each week, when he left and remained with his family out of the States, returning on the following Monday. But this case is criticised in many of the cases, and so far as it has any application to the facts presented in the appeal book here, I think may be considered as overruled.

It is claimed that only a part of the order at the Special Term was appealed from, and that the appeal was an acceptance of the other part, and a waiver of the right to appeal. The rule does not apply to a case of this character, but only to cases where the provisions of the judgment or order are such that the party by not appealing from a part enforces or accepts a substantial benefit by reason of that portion of the order not appealed from. (*Bennett* v. *Van Syckel*, 18 N. Y., 481 ; *Murphy* v. *Spaulding*, 46 id., 556.) It does not appear upon this appeal, that the stipulation provided for in the Special Term order, was tendered or accepted, and hence it is not apparent that any benefit was derived by the plaintiffs from the form of the notice of appeal. The most that can be claimed for the notice of appeal is, that it was irregular, and that irregularity, as will hereafter be seen, was disposed of upon a motion to dismiss the appeal which is also here for review. As there was no error in the decision of the General Term, the order appealed from must be affirmed.

The appeal from the order denying the motion to dismiss the plaintiff's appeal was also, we think, properly disposed of. It involved at most a question of irregularity, and it appears that the defendants were chargeable with laches in making the motion, and had accepted the papers served without any objection thereto and without returning the same. The disposition of the motion was clearly within the discretion of the court, and the order therefore is not appealable, and the appeal from the same should be dismissed.

All concur, except EARL, J., who is for dismissal of both appeals, RAPALLO, J., not voting.

Ordered accordingly.