THE PEOPLE OF THE STATE OF NEW YORK EX REL. PHILIP GARBUTT, RESPONDENT, v. THE ROCHESTER AND STATE LINE RAILROAD COMPANY, AND OTHERS, APPELLANTS.

*One accepting a favor, cannot appeal.*

One who has sought and enjoyed an extension of time within which to comply with a peremptory *mandamus*, cannot thereafter appeal from the order directing that the *mandamus* issue.

APPEAL from an order of the Special Term in Monroe, directing a peremptory *mandamus* to issue, commanding the railroad corporation, and the other defendants composing its board of directors, to construct fences and cattle-guards on the line of its road.

*G. F. Danforth*, for the appellants.

*Angus McDonald*, for the respondents.

SMITH, J.:

The order appealed from shows, upon its face, that the only defendants who opposed the granting of it were the railroad corporation and Mr. Harris; consequently, they only can be heard on the appeal. The order also shows that Mr. Harris appeared in his own behalf, and also for the company, and that the opposition made by him consisted in his reading his own affidavit, which is contained in the appeal papers, and asking to have the motion stand over until the next Special Term. The affidavit stated, in substance, that the company was without means to complete its road, and that negotiations were then pending between the company and responsible parties for the construction of the road by the first day of January, 1877, and that, in the belief of the deponent, such contract would be made within ten days. Thereupon, in the order for the mandamus, which bears date the 29th of August, 1876, was inserted a clause giving the defendants time till the first day of January, 1877, to comply with the requirements of the writ. From this, it is to be inferred that the only opposition made by the defendants who appeared was to ask for further time, to enable the company to do what was required of them, and the order was so framed as to comply with their request. They might have been required to proceed forthwith. In these circumstances, we think the appeal should be dismissed, on the ground that the defendants, having secured and enjoyed a favor granted them by the order, cannot now be heard to complain of it. Indeed, it is not too much to say that the motion at Special Term was not opposed by them on its merits, and that the order, as made, was with their consent, but we rest our decision upon the ground first stated. (*Bennett* v. *Van Syckel*, 18 N. Y., 481;

*Knapp* v. *Brown*, 45 id., 209; *Murphy* v. *Spaulding*, 46 id., 556; *McElwain* v. *Willis*, 9 Wend., 553.)

Appeal should be dismissed, with $10 costs and disbursements.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Appeal dismissed, with $10 costs and disbursements.