## In the Matter of DAVID LEVY.

(Decided February 6th, 1882.)

The liability of the attorney for the plaintiff, to the amount of one hundred dollars, for the costs of the defendant in an action where the defendant is entitled to require security for costs, under sections 3268, 3278 of the Code of Civil Procedure, may be enforced by an application for an order requiring the attorney to pay that amount on account of such costs.

The denial on the ground of laches of a motion by the defendant to require the plaintiff to give security for costs, does not affect the liability of the plaintiff's attorney for the defendant's costs.

APPEAL from an order of this court requiring a plaintiff's attorney to pay one hundred dollars on account of costs recovered by the defendant.

The facts are stated in the opinion.

*David Levy*, appellant, in person.

*James Armstrong*, for respondents.

VAN BRUNT, P. J.—In September, 1877, the appellant, as attorney for one Nanny Alexander, a resident of the state of Georgia, commenced an action against Joseph Myers and Solomon Marcus for damages for the conversion of plaintiff's property. In August, 1878, a motion was made to compel the plaintiff to file security for costs. This motion was denied by the court at special term upon the ground of laches, and an order was duly entered upon such decision of the court. An order was subsequently made at a trial term of the court dismissing the complaint in the action with costs, and a judgment was subsequently docketed therein dismissing said complaint, and for the recovery of the sum of $122.86, the costs and disbursements therein. An execution was issued upon said judgment against the property of the plaintiff, and being returned unsatisfied a motion was made for an order requiring

the appellant, as attorney for the plaintiff, to pay the sum of $100 on account of the said costs, which motion was granted; and from the order thereupon entered this appeal is taken.

The appellant raises the question that the order made is erroneous, and not authorized by any law, because the only liability against the plaintiff's attorney existed against him in the action brought by plaintiff's attorney; such costs can only be enforced by execution in such action against the property of the plaintiff's attorney; and the order made is an order which if disobeyed would be punishable as for contempt, and imprisonment would follow. In support of this point is cited the case of *Boyce* v. *Bates* (8 How. Pr. 495). The order in question is precisely in the form pointed out in that case and sustained by the authorities therein mentioned; that case simply deciding that as a means of enforcing such an order, an attachment against the person should not be resorted to, but rather an execution against the property.

In all the cases that I have been able to find, the making of an order upon a motion of this description seems to have been the practice pursued, and I know of no other way in which the liability of an attorney for costs could be properly adjudicated upon.

The next point raised by the appellant is that, Mr. Justice DALY having refused to compel the plaintiff to file security for costs, the liability of the attorney was terminated, because that was an adjudication that under section 3268 of the Code the defendants were not entitled to require security for costs.

It is to be remarked in considering this proposition that the section making the attorney liable for costs in the cases mentioned under section 3268, expressly provides when that liability shall terminate, which is when security is given. The section reads that the attorney shall be liable for costs until security be given, and then proceeds that if the attorney does not desire to run the risk of such a liability before commencing an action, he may file security. The language of the section seems to be reasonably explicit, and the necessary interpretation is, that if an attorney commences an action where, under the provisions of section 3268, the defendant might

require security for costs, such attorney becomes liable for such costs to the extent of $100 until security is filed; but any laches upon the part of the defendant to procure the filing of such security cannot release the attorney from such liability.

The objection that the papers are not entitled in the action does not seem to be well taken, for the reason that they contain a distinct reference to the action in respect to which the proceeding is taken, and it does not appear from the record that any objection of a like character was taken at the time of the argument of the motion in the cause below.

We are of the opinion, therefore, that the order appealed from must be affirmed, with $10 costs and disbursements.

J. F. DALY, J., concurred.

Order affirmed, with costs.