Freedman, J.—
This is an appeal by George F. Wellman, the attorney for- the plaintiff, from an order requiring him as such attorney to pay to the defendant the sum of $100 oh account of the costs awarded to the defendant in the action. At the time of the commencement of the action the plaintiff resided with his family at Plainfield, blew Jersey, and he still continues to reside there.
*39 By section 3268 of the Code of Civil Procedure, the defendant may require security for costs to be given where the plaintiff was when the action was commenced, a person residing without the state; and by section 3278 the plaintiff’s attorney in such a case is made liable for the defendant’s costs to an amount not exceeding $100, until security is given as prescribed, although the defendant has not required such security to be given.
It is claimed, however, by the appellant that because it was made to appear by affidavit that at the time of the commencement of the action, the plaintiff had been engaged in business in the city of New York for about sixteen years, he was not a non-resident within the meaning of section 3628, though he and his family were domiciled in another state.
After a careful examination of the cases cited to illustrate the distinction between residence and domicile, and conceding that a person can have a residence in one state and his domicile in another, I fail to see how the appellant can be relieved. Mere presence in the state during business hours has never yet been held to constitute residence. On the contrary, in the enforcement of our attachment laws against non-residents, it has repeatedly been held that presence during business hours in this state does not amount to residence ( Wallace & Sons agt. Castle, 68 N. Y., 370 ; Chaine agt. Wilson, 1 Bosw., 673; Barry agt. Bookover, 6 Abb., 374).
In the absence, therefore, of a statutory provision making presence during business hours in this state equivalent to residence, in the construction of section 3278, the order appealed from was fully warranted by the facts shown to the court below.
It is no answer, under section 3278, that the appellant commenced the action in good faith and in the belief that the plaintiff and his family were domiciled in New York. Hor does the omission of the defendant to demand security for costs during the pendency of the action affect the attorney’s liability (In the matter of David Levy, 10 Daly, 391).
*40 There being no merit in any of the points raised by the appellant, the order appealed from should be affirmed, with costs, &c.
Sedgwick and Van Vgrst, JJ., concurred.