1838.

Vail
v.
Remsen.

## VAIL vs. REMSEN, executor, &c.

A party who has appealed from an order of reference made by a vice chancellor, cannot proceed to carry the order into effect against the adverse party pending the appeal, as the two proceedings are inconsistent with each other. In such a case the respondent may apply to the appellate court, to dismiss the appeal, upon the ground that the proceeding by the appellant upon the order appealed from is a waiver of the appeal, or to compel him to elect in which court he will proceed.

But an application to stay the proceedings in the court below, on the ground that the adverse party is irregular in proceeding in that court pending his appeal, must be made to the vice chancellor before whom the irregular proceedings are carried on.

August 7.

THIS was an application to set aside the proceedings of the complainant for irregularity. A decree had been made by the vice chancellor of the fourth circuit, referring it to a master to take an account of the complainant's damages, under a covenant of warranty of the defendant's testator, and directing the defendant to pay the amount reported due, with costs, upon the coming in and confirmation of the master's report. The defendant excepted to the master's report, upon the ground that the master had adopted an erroneous principle by which the amount of damages was enhanced. The vice chancellor allowed the exceptions, and referred it back to the master to correct his report and to reduce the allowance for damages accordingly. From this order made upon the exceptions, the complainant appealed to the chancellor; and gave the proper notices and security to render his appeal effectual. Subsequently, and before the hearing of the appeal, he proceeded before the master, under the order so appealed from, and procured the report; and he was proceeding to collect the amount of this last report from the defendant, together with the costs of the suit.

*J. M. Andrews,* for the defendant.

*J. Ellsworth,* for the complainant

1838.

Vail
v.
Remsen.

THE CHANCELLOR. The complainant's solicitor is clearly wrong in supposing that he has a right to proceed and carry into effect a decretal order, which he has himself appealed from, at the same time that he is proceeding on the appeal to reverse that order and to confirm the original report of the master. The two proceedings are wholly inconsistent with each other, and either the one or the other must be abandoned. If the appellant succeeds in the appeal after he has collected the damages and costs which he would be entitled to under the order appealed from, the defendant will have been uselessly subjected to the costs of two references, and of two decrees, instead of one. Where an appeal is effectual to stay the proceedings of the respondent upon the order or decree appealed from, it seems to follow that it is either irregular for the appellant to proceed under such order or decree, or that his proceeding under it, subsequent to the appeal, will be considered as an abandonment of the appeal.

If the respondent in this case, in his notice of the present application, had asked for a dismissal of the appeal or that the appellant should be compelled to elect, or if he had asked for such order as he might be entitled to upon the facts stated in the affidavit of his solicitor, I should have had no difficulty in applying the proper remedy. But as the proceedings which he seeks to set aside, on this notice, are proceedings before the vice chancellor upon the order appealed from, and not proceedings before the chancellor upon the appeal, an application to set aside such proceedings upon the mere ground of irregularity, is more properly addressed to the judicial officer before whom the alleged irregularity has taken place. I am also inclined to think that the vice chancellor has jurisdiction to compel the appellant, either to abandon his proceedings under the order appealed from or to consent to dismiss his appeal.

The present motion must be denied, but without costs; and without prejudice to any other application which the respondent may be advised to make, either before the chancellor or the vice chancellor of the fourth circuit.