Cowen, J.
The mere delay furnishes no ground fdr dismissing the appeal. In the house of lords, if the appellant do not, during the first eight days of the session ensuing that session when the appeal was lodged, apply for a peremptory order to answer, the appeal shall, by a general order of the court, stand dismissed. (Sydney on Appeals, 95. Id. Appendix, L.) No such practice, however, is known to this court; nor if it were, would it aid the respondent in this motion. The petition of appeal being filed with the proper matter annexed, the only course for expediting the cause is to answer the petition, and bring the cause to a hearing. The appellant may, by a general rule of this court, take an order of course to answer the appeal in eight days. That was done on filing the petition here.
I do not see that the respondent can complain of the want of notice of the order to answer. That is for the exclusive benefit of the appellant. It is enough for the respondent that he have notice of the appeal. He is then to watch the course of the appellant, and as soon as the petition is filed either in the court below or here, both of which he knows must be done within certain times respectively, he may answer, and go on to a hearing according to the course of this court. (Vide Rules 7, 11 and 14, of 1840, Rules 9, 13 and 18,'o/ Dec. 1841.)
It is insisted, however, that the facts stated show the. appeal to be frivolous, intended merely to awe the complainant into a settlement, and indeed that the appeal has been waived. With the ground of frivolousness, we of course have nothing to do at this stage of the cause. An appeal either from an interlocutory or final decree, is a matter of right, on making the deposit or giving the security for costs required by the statute. (2 R. S. 502, § 80, 2d ed.) That was done, and the respondent’s counsel treated the appeal as regular, by moving in the court of chancery for an order that, under the circumstances, it *406 should not have the effect to stay execution. (Id. 503, 4, § 87.) Nor have we any right to enquire into the intent with which the appeal was brought.
It is supposed that the appellant’s appearance by counsel to watch the proceedings of his adversary in taking the final decree, and to see that it was correctly settled, operated as a waiver of the appeal from the decretal order on which it was founded. But no- authority was cited, nor am I aware of any, which ascribes so important an effect to such a circumstance. It may be conceded that where a party, after appealing from an order of his own, takes a step upon it with a view to carry it into execution, he shall be holden to have abandoned his appeal, or at least he may be put by the court below to his election whether he will go on with one or the other of two courses so directly incompatible. (Vail v. Remsen, 7 Paige, 206.) This is the farthest, I apprehend, which the books have gone ; and it rests on the principle of necessary incompatibility. Even that I should think somewhat questionable ; but in the case at'bar there was nothing like it. An interlocutory decree is made which the party implicated supposes to be erroneous. He brings a regular appeal, sufficient to secure a review in this court, but not to stay the final decree nor execution upon it; arid he seeks to guard against such a final decree as may, on an ex parte hearing, be made to bear more heavily against him than the previous order would warrant. He watches to see that the conclusion is not drawn out of proportion to the premises. He was not bound to assume that the previous order would be nullified by the appeal. Being affirmed, the final decree would stand with it, whatever that might be, unless it was also appealed from or modified by motion in the court below. The more prudent course, therefore, was to appear and see that it was framed in such a way as to supersede the trouble and expense of either, in the event of affirmance.
The object of an appeal, whether from an interlocutory or final decree, may, like a writ of error, be one or two things. It may merely seek a review of the decree, leav* *407 ing execution to go, transferring the fund to the hands of the adverse party, and relying on his ability to make restitution in the event of reversal, or it may go farther. It may seek to stay all proceedings, and retain the fund. The first thing is effected by a bond or deposit to secure the costs merely. (2 R. S. 502, § 80, 2d ed.) The second requires security for paying the whole fund, in the event of a general affirmance. (Id. § 82,87.) An appellant is often unable to furnish such heavy security as "the last, and this seems to have been the case of Mr. Dey. He has chosen to appeal without staying the proceedings; and it is not denied that he may do so and carry his appeal through, if he keep properly upon his guard. The respondent’s counsel resorts to the ground of waiver or abandonment, which, as I have endeavored to show, is untenable.
I am of opinion that the motion to dismiss the appeal should be denied with costs.
The other members of the court being of the same opinion, the motion was accordingly denied with costs.