ELIJAH H. SMITH et al., Respondents, *v.* JOHN T. RATHBUN
et al., Appellants.

Under the provision of the Old Code (§ 272) giving to a referee the same
power as the court to allow amendments to pleadings on trial, a referee
had power on application to amend the complaint on trial, not simply so
as to conform it to the proof, but by inserting material allegations as to
which no proof had been given, to impose as a condition to the granting
of the application that defendant be permitted to answer or demur to
the amended complaint.

Where such a condition was imposed and plaintiff availed himself of that
portion of the order of the referee which allowed him to amend, and
defendant interposed a demurrer to the amended complaint, *held,* that
plaintiff having taken the benefit of the order was precluded from
questioning the power of the referee to authorize the demurrer.

*Smith* v. *Rathbun* (13 Hun, 47), reversed.

(Argued September 24, 1878; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, reversing an order
of Special Term which denied a motion on the part of plain-
tiff to strike out a demurrer to the complaint, and strik-
ing out the demurrer. (Reported below, 13 Hun, 47.)

The facts appear sufficiently in the opinion.

*H. Boardman Smith,* for appellant. The order of the
referee authorizing the demurrer could only be questioned by
a direct appeal, and was not assailable collaterally. (Code
of Procedure, §§ 168, 173, 272; *Colburn* v. *Morton,* 3 Keyes,
296, 301–303; *Murphy* v. *Spaulding,* 56 N. Y., 556, 559;
*Bearup* v. *Carraher,* 5 W. Dig., 558; 13 Hun, 300, 301;
16 How., 227; 13 N. Y., 341, 345; 15 id., 590; 16 id., 617;
*Hochstetter* v. *Isaccs,* 44 How., 495.) This order must be
gotten out of the way by a direct motion to set it aside
before the demurrer can be stricken out as unauthorized.
(*Jones* v. *Derby,* 16 N. Y., 242, 244, 245; 3 Keyes, 296,
301, 303; 46 N. Y., 559; 5 W. Dig., 228; Code Civil Proc.,
§ 1317.) The referee had the same power as to amendments

ot the pleadings and the terms thereof as the Special Term had under section 173 of the Code. (4 Wait's Pr., 507; Code, § 272; *Brown* v. *Leigh*, 49 N. Y., 81; 11 How., 168.) The General Term erred in holding that this was a case of "immaterial variance," as the motion to amend was made before any proof had been given to make a variance. (*Corning* v. *Corning*, 6 N. Y., 97; *Hall* v. *Gould*, 13 id., 127; *Dennis* v. *Curran*, 61 id., 642.) Plaintiffs are estopped from denying that the amendment was material. (*Grigg* v. *Howe*, 3 Keyes, 170; 3 Wend., 130; 66 Barb., 9.) Plaintiffs having taken the benefit of the order by amending their complaint under it cannot repudiate by appeal or by motion so much of it as allows the demurrer. (*Bennett* v. *Van Syckel*, 18 N. Y., 481; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 97; *Radway* v. *Graham*, 4 id., 468; *Lewis* v. *Irving*, 15 id., 140 *n*; 19 id., 322; 18 id., 15; 14 id., 448; 52 Barb., 152; 3 Hill, 215, 216; 30 How., 397; 34 id., 449; 27 id., 393; 40 id., 192; 42 id., 8; 1 Rob., 641; 10 Bos., 353; 1 Abb. [N. S.], 159; 4 Wait's Pr., 215; *Wallace* v. *Castle*, 68 N. Y., 375; *Griggs* v. *Howe*, 3 Keyes, 166.) It is proper to allow the adverse party to plead *de novo* to an amended pleading. (47 N. Y., 93; 14 Abb. [N. S.], 235, 237; 2 Daly, 203, 204; 5 Hill, 556; 2 T. & S. Pr., 1076; 1 Whit. Pr., 615; 4 Wait's Pr., 690, 691.) The granting of the amendment and the terms on which it was granted rested in the discretion of the referee, and this discretion is not reviewable. (4 Wait's Pr., 663; *Richtmeyer* v. *Remsen*, 38 N. Y., 206; *Meyer* v. *Fiegel*, 7 Robt., 122; *Hendricks* v. *Decker*, 35 Barb., 298; *Roff* v. *Schloss*, 6 id., 308; 22 How., 481; 34 id., 435; 31 id., 164; 5 Robt., 619; 51 Barb., 628; 12 id., 215; 5 Sandf., 225.)

*Geo. F. Danforth*, for respondents. The order of the General Term was an order regulating proceedings in the cause and was not appealable. (*Cruger* v. *Douglass*, 8 Barb., 81; Code, § 329; New Code, § 1316; 45 N. Y., 260; 47 id., 667; 10 Abb. [N. S.], 139; 12 id., 191; 5 How., 30; 8 id.,

397; 4 id., 335; *Sacketts Harbor Bk.* v. *Burwell*, 9 How. Pr., 95.) The decision of the General Term in refusing to allow the demurrer and setting it aside involved a question of discretion, and was not appealable. (*Han. F. Ins. Co.* v. *Tomlinson*, 58 N. Y., 651; *F. and M. Bk.* v. *Joslyn*, 37 id., 354, 355; *Howell* v. *Wills*, 53 id., 322; *Anonymous*, 59 id., 315; *Platt* v. *Platt*, 66 id., 360; *Livermore* v. *Bainbridge*, 56 id., 72.) As the amendment to the complaint was immaterial, and did not add a new cause of action, a demurrer could not be allowed. (*Therrason* v. *Peterson*, 22 How., 98; Code, §§ 169, 170; *F. and M. Bk.* v. *Joslyn*, 37 N. Y., 354, 355.)

Andrews, J. This is an appeal from an order of the General Term striking out the demurrer of the defendants to the complaint interposed after an answer had been served in the action. The issues in the action framed by the complaint and answer were by an order of the court, made upon the consent of the parties, referred to a referee for trial.

The action is brought to charge the defendants, the defendant Rathbun personally and the other defendants, executors of one Benjamin, in their representative capacity, with the waste and misappropriation of the funds of The First National Bank of Elmira by its cashier, Van Campen, on the ground that the defendant Rathbun and the testator Benjamin " negligently permitted and allowed him to do said acts (alleged in the complaint) and aided, countenanced and assisted him in so doing."

The complaint avers that Benjamin, at the time of the commission of the waste and misappropriation by Van Campen, was vice-president, and that the defendant Rathbun was a director of the bank. The parties proceeded to the trial before the referee, and the counsel for the plaintiffs, in his opening, claimed a right to maintain the action both on the ground of the negligence of Rathbun and Benjamin, in omitting to look after and protect the interests of the bank, and of their positive misfeasance and wrong-doing. Soon after the trial

commenced. the plaintiffs sought to prove that Benjamin was a director of the bank, during the time Van Campen was cashier, and the evidence offered for that purpose was objected to by the defendants' counsel, on the ground that the fact was not alleged in the complaint, and that it was a material averment, if the plaintiffs sought to charge the estate of Benjamin for negligence, as well as for positive misfeasance, which latter, the defendants' counsel insisted, was the only ground of liability alleged in the complaint. The plaintiff, before the referee had made any ruling upon the objection moved to be allowed to amend the complaint, by inserting the allegation that Benjamin was a director of the bank, at the time of the alleged waste and misconduct of Van Campen. The defendants' counsel objected to the allowance of the amendment, on various grounds, and among others, that it would introduce a new cause of action, and insisted that, if allowed, it should be upon the condition that the defendants be permitted to answer anew or demur to the amended complaint. The referee granted the plaintiff's motion, upon the condition, as the affidavits on their part tend to show, and as must be here assumed, that the defendants be allowed to answer or demur to the amended pleading.

The plaintiffs availed themselves of the part of the order allowing them to amend the complaint, and amended it in pursuance thereof, and the defendants thereupon interposed a demurrer, which was served on the plaintiffs. The plaintiffs then objected that the referee had no power to allow the defendants to demur, and the referee declining to proceed with the reference, they made a motion at Special Term to strike out the demurrer, as irregular and unauthorized, which was denied; and on appeal to the General Term that court reversed the order of the Special Term and granted the motion, on the ground that the referee had no power to attach to the allowance of the amendment the condition that the defendants should have the liberty to demur.

By section 173 of the Old Code, which was in force when the proceedings before the referee took place, the court is

authorized, before or after judgment *or upon the trial,* in furtherance of justice, and on such terms as may be proper, to amend any pleading, by inserting other allegations material to the case ; and section 272 declares that referees shall have the same power to grant adjournments and to allow amendments to any pleading, as the court upon the trial, and upon the same terms, and with like effect. The power to impose conditions, on allowing an amendment of the pleadings, upon the application of one of the parties, such as that the other party may amend his pleading, or withdraw it and interpose a demurrer, in place of an answer, is frequently exercised by courts, and is often essential in the administration of justice. The party applying for an amendment, in a case not coming within the cases where an amendment is allowed of course, is in the position of asking a favor, which the court may or may not grant, in its discretion ; and its power to annex, as a condition of granting it, that the other party may modify or change his pleading, or substitute a demurrer for an answer, cannot, we think, be questioned. The immemorial practice of courts establishes the existence of the power, and it does not need a statute to confer it. The party asking to amend may reject the permission, if connected with terms which he does not wish to accept ; but he cannot accept a conditional order, so far as it is for his benefit, and reject the rest. The same rule must apply, whether the order is made by the court or by a referee. The power of a referee, in respect to the terms upon which an amendment shall be allowed, is commensurate with that of the court. It is to be observed, that the plaintiffs were not seeking, under section 169, to have the pleadings conformed to the proof, as no proof on the subject to which the amendment related had been given.

Nor does the case presented involve the question of the power of a referee to allow a defendant, on his own motion, to withdraw an answer and interpose a demurrer, thereby changing the issue from one of fact to one of law. That would be a very different question from the one before us.

The plaintiffs asked to amend. It must be assumed that the amendment was material. They had no legal right to have the amendment allowed. The referee, in answer to their application, said, in substance, that he would grant the motion, on condition that they would consent that the defendants might withdraw their answer, and demur. The plaintiffs thereupon amended their complaint, thereby assenting to the condition, and the defendants served a demurrer; and now the plaintiffs seek to set aside the order of the referee, so far as it allowed the defendants to demur, as beyond his power. We think the order was within his power, and also that the plaintiffs have, by their conduct, precluded themselves from questioning it. (*Bennett* v. *Van Syckel*, 18 N. Y., 481; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 97; *Vail* v. *Remsen*, 7 Paige, 206; *Brady* v. *Donnelly*, 1 N. Y., 126; *Glackin* v. *Zeller*, 52 Barb., 152; 4 Wait's Pr., 205.)

This is the only question before us; and these views lead to a reversal of the order of the General Term and the affirmance of the order of the Special Term.

All concur, except MILLER and EARL, JJ., absent at argument.

Order reversed.