Osborn, J.
The plaintiff, on the evening of October 24, 1875, while riding in a buggy with her husband on North Mohawk street, in the city of Cohoes, was thrown out and injured. The cause of the overturning was a pile of earth which had been placed there in making some excavation. It was claimed that there was no light placed upon this obstacle to the free travel of the street and no guard placed around the same, to notify travelers of the difficulty and danger, • and therefore that the action could be maintained because of the negligence of the defendant.
The trial resulted in a verdict for the plaintiff of $400, and a motion is now made by her counsel, on the minutes of the court, to set the same aside and for a new trial, because of the inadequacy'of the verdict. The cause was tried at the Albany October circuit, 1878. There was a serious conflict in the testimony in reference to the alleged negligence of the defendant, proof being given to show that the obstruction was properly guarded and a sufficient light- placed thereon. This question was fairly presented as a question of fact, under proper instructions, for the consideration of the jury.
It was also urged that the plaintiff’s negligence contributed to the accident and injury complained of *394 and therefore they could be no recovery. This proof consisted in the evidence of a witness who was driving a double team and carriage just ahead of the buggy in which the plaintiff and her husband were, and who passed this dirt in safety, that the plaintiff’s husband was driving at the rate of eight or nine miles an hour at the time of the injury. The street was somewhat dark at the time.
The defendant insisted that it was negligent and careless to drive at this rate of speed under the circumstances, and that the plaintiff must be charged with the negligent acts or want of proper care on the part of her husband, who was driving. This proof of fast driving was fully contradicted, the plaintiff and her husband both testifying that the horse was going slow ; indeed, that they were driving on this street, which was not the direct route for them to take to reach their home, expressly to cool off the horse which they had been driving.
The court held, and so charged the jury, that the plaintiff must be charged with any negligence on the part of her husband.
That if he was driving negligently and carelessly, at an improper rate of speed, under the circumstances, and thus contributed to produce injury, the plaintiff could not recover. The jury by the verdict rendered has settled both of these questions in favor of the plaintiff; first, that the defendant was negligent; second, that there was no negligence on the part of the plaintiff or her husband. We are now prepared to consider the merits of this motion.
While it is a familiar principle that the court has a discretionary power to set aside a verdict for excessive damages,—a power which in furtherance of justice has been repeatedly exercised,—more doubt has been expressed as to the power of the court to disturb a verdict on the ground of inadequacy, and the power, if one exist, has rarely been exercised or invoked.
*395 Whatever doubt or uncertainty may have existed heretofore as to such power, or the propriety of its exercise, it must now be regarded as settled that the court may and should set aside verdicts and grant new trials -when, upon a cool and deliberate examination, the ends of justice seem to require it, in cases, as well where the verdict is inadequate as where it is excessive.
Without undertaking to collate all the authorities showing this power, if, indeed, it is necessary to look beyond the Code therefor, or the elementary principle, that there is an inherent power in the court to prevent, injustice, the case of McDonald v. Walter (40 N. Y. 551), is conclusive. In delivering the opinion of the court, Woodruff, J., says:
“A verdict for a grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or - justice, than a verdict for an excessive or extravagant amount. It is, doubtless, true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged. The power of the court to award a new trial when dissatisfied with the verdict, on this ground, is, I think, not open to question, and whether because the verdict is too large or small, the principle is precisely the same.”
The power conceded, there is no objection, indeed, there is great propriety, in applying to the same judge who tried the cause, for its exercise. He sees the witnesses, hears their evidence, notes their appearance, and is therefore better able to determine whether justice has been done than any other judge or body of judges can be from an examination of the evidence above (Algeo v. Duncan, 39 N. Y. 313).
*396 I am aware that courts are reluctant to disturb the verdict of a jury, nor ought they to do so unless it is clear that injustice has been done. To set aside a verdict simply because it is more or less than the judge would have awarded, would render the jury system useless, a farce and of no importance.
The verdict should be treated with great consideration and respect. But when it is manifestly unjust, palpably against the law and facts, there should be no hesitancy to interpose, and by the granting of a new trial afford a party justly complaining another opportunity to present his case for the consideration of a jury.
In this case the plaintiff, so far as the evidence shows or appearances indicate, is a highly respectable married woman, just in the bloom and freshness of womanhood, and up to the time of this injury, had enjoyed perfect health. She appeared exceedingly well on the witness stand, gave her evidence in a frank and candid manner, with no endeavor to exaggerate or conceal the truth. She received injuries most serious in their character, from which she had suffered greatly and was suffering down to the time of the trial, three years afterwards, and which are doubtless permanent, if, indeed, they do not shorten her life by many years. She has been and doubtless always will be unable to discharge her domestic duties as before the accident. Ho one who heard her statement, or noticed the candor with which the same was made, could doubt the extent, severity or permanency of the injuries of which she complained, and for all this she has been awarded only the sum of $400.
I cannot avoid the conviction that great injustice has been done to the plaintiff by the verdict.
As before stated, the jury has decided that she and her husband were free from all blame; that the defendant was negligent, and that its negligence caused the difficulty complained of. Had the verdict been for *397 the defendant I should not have entertained the motion for an instant, though the proof of fast driving.was not of a character to entitle it to much weight. It was doubtless a compromise verdict, some of the jurors possibly believing that the defendant was not negligent, or that the plaintiff was, in the respect to which allusion has been made. I confess that I can find no case where a verdict for this amount has been set aside as inadequate, and I have held the papers a long time, uncertain and undecided as to what should be done.
But I cannot conscientiously permit this verdict to stand. It is no compensation whatever for the serious injuries the plaintiff has sustained. It may well be that some of the jurors accepted as true the evidence of one witness as to the alleged fast driving, &o., and under the ruling and charge insisted upon a verdict for defendant, at last yielding to a verdict for a small amount, in order to bring about an agreement.
I am not at all clear that in this respect the charge was correct, or that the plaintiff could be charged with any negligent conduct of her husband. It is certainly a very serious question, under the recent decision of the court of appeals, Dyer v. Erie R. Co. (71 N. Y. 228), where the following doctrine is held :
“ Where one travels in a vehicle with another, over which he has no control, simply by invitation, there is no relationship of principal and agent, and although he so travels voluntarily and gratuitously, he is not responsible for the negligence of the driver, especially when no claim is made that the driver was not competent to control and manage the team.” This possible error in the charge may have contributed to or have directly brought about this small verdict. Still the plaintiff, having succeeded, is in a position where this error might not avail her on appeal.
The verdict must be set aside and a new trial granted, but upon terms that shall indemnify the defendant for the cost of the trial already had. I have *398 fixed this amount at $75, which must be paid to the defendant or attorney within ten days after service of a copy of the order to be entered to carry out this decision. .
On such re-trial the defendant may succeed or the evidence may be so changed as to show that the plaintiff ought not to recover more than she already has. Whatever it may be, it will doubtless be satisfactory to the parties, at least it is to be hoped that it will be in accordance with the evidence.
In accordance with this order, the plaintiff paid the $75 costs, which were received by the defendant’s attorney, who had been recently appointed as city attorney, and who subsequently made an affidavit stating that he was not familiar with the case, and that he received the money by mistake. Upon consulting, with the counsel in the case, he immediately offered to return the money, but the plaintiff’s attorney refused to accept it. The plaintiff then moved to dismiss the appeal, and the general term rendered the following opinion.
Per Curiam.
Neither of the parties denies the general rule, that if a party accepts the benefit of an order he waives the right to appeal therefrom. But the defendant insiste that in his present case the money paid for costs was received by mistake, and asks that for this reason the appeal should not be dismissed.
It is very possible that if by any fraud or stratagem the defendant’s attorney had been induced to take these costs, not knowing what they were for, he might repudiate his act and return them. But the present is not that case. The defendant’s attorney does not claim that he did not understand the order, or that he did not know that the costs were paid under the order. The only difficulty is, that a day or two afterwards the counsel for the defendant advised the attorney to ap *399 peal from the order, and for that purpose to return the costs. This may have been very good advice, but it does not show that the attorney acted under a mistake in accepting the costs; nor even that he acted under a mistake of law, for he does not say that he was not aware of the rule that acceptance of the costs would prevent an appeal.
If the attorney himself had changed his mind, after the lapse of a day or two, and had desired to appeal, he would have had substantially the same ground to oppose this motion as that which is now presented. AVe think the general rule is good and useful, and we see no reason to make the present one an exception.
The motion to dismiss the appeal is granted, with $10 costs. •
From this decision of the general term the defendant appealed.
G. L. Stedman (Henry A. Strong), for defendant, appellant.—I. There was no waiver, as the money was received by mistake.
II. There was no estoppel.
III. The city attorney had no authority to waive the right of appeal (Laws 1872, c. 79, p. 210; People v. Mayor of N. Y., 11 Abb. Pr. 66, and note).
R. M. Peckham (James F. Crawford), for plaintiff, respondent.—I. By taking the costs and receiving the benefits of the order the defendant waived the right to appeal (Peel v. Elliot, 6 How. Pr. 483; Noble v. Prescott, 4 E. D. Smith, 139; Lewis v. Irving Fire Ins. Co., 15 Abb. Pr. 140, note; Hanna v. Dexter, Id. 135; Vail v. Remson, 7 Paige, 206; Knapp v. Brown, 45 N. Y. 207; Pistor v. Hatfield, 46 Id. 249; Harrison v. Neher, 9 Hun, 127; Genet v. Davenport, 59 N. Y. 648).
II. The defendant’s attorney knew what the order was when he accepted the costs.
III. The tender could not change the rights of the parties.
*400 The court of appeals affirmed the order of the general term, dismissing the appeal, but delivered no written opinion.