In the Matter of the Application of the WATER COM-
MISSIONERS OF AMSTERDAM, Appellants, to Acquire
Certain Rights in Lands of JOHN C. CHALMERS and
GERTRUDE CHALMERS, Respondents.

### SAME v. COLLINS.

*Costs — when a party does not waive his right to appeal from an order, by accepting
costs thereby awarded to him.*

Upon the application of the water commissioners of Amsterdam to acquire title
to land an order was made at a Special Term allowing them to amend their
petition. By an independent provision contained in the order ten dollars
costs of the motion were awarded to the respondents, landowners, who had
resisted the application, not as a condition to the granting of the motion, but
absolutely: The landowners having accepted the ten dollars costs which were
tendered to them, appealed from the order.

*Held,* that under the circumstances of this case the landowners did not, by
accepting the costs, waive their right to appeal.

The doctrine of waiver only applies in those cases where the appellant has
attempted to enforce the order in his favor, or some part thereof connected
with or dependent upon such other part as he seeks to avoid by his appeal,
or in which he has accepted a benefit having such connection or dependency.

Motion to dismiss an appeal.

*M. L. Stover,* for the appellants.

*P. J. Lewis,* for the respondents.

Bockes, J. :

An order was granted herein, at Special Term, on the application
of the commissioners, giving them leave to amend their petition,
and by an independent provision therein ten dollars' costs of motion
were awarded to the respondents, landowners who resisted the
application — not as a condition to the granting of the motion, but
absolutely. The ten dollars' costs were tendered to, and were
accepted by, the appellants, after which they took an appeal from
the order. A motion is now made to dismiss the appeal on the
ground that the acceptance of such costs operated as a waiver of
the right to appeal.

It is unquestionably the general rule that a party cannot take
the benefits of an order and at the same time have an appeal there-

from. (*Platz* v. *City of Cohoes*, 8 Abb. N. C., 392.) This rule invariably applies when the benefits or advantages of the order are conditional, as in the case cited, or are connected with, or are made in some manner dependent upon, other provisions to which objection is urged by the appeal. Such is the doctrine of the cases cited by the respondents' counsel. (*Bennett* v. *Van Syckel*, 18 N. Y., 481; *Knapp* v. *Brown*, 45 id., 207; *Genet* v. *Davenport*, 59 id., 648; *Murphy* v. *Spaulding*, 46 id., 556.)

So, to make the acceptance of a benefit under an order operate as a waiver of the right of appeal, there must be an inconsistency in retaining such benefit and at the same time appealing from the order. (*Knapp* v. *Brown*, *supra*; *Benkhard* v. *Babcock*, 27 How., 391.)

The true rule seems to be that laid down in Wait's Practice. (4 Wait's Prac., 216.) That this doctrine of waiver is to be applied in those cases only where the appellant has attempted to enforce the order in his favor, or some part thereof connected with or dependent upon such other part, as he seeks to avoid by his appeal or has accepted a benefit having such connection or dependency.

Now, in the case in hand, the provision in the order awarding costs is entirely independent of, and has no connection whatever with, that part of it challenged by the appeal. There is no inconsistency in taking the costs awarded by the order, and yet insisting upon the impropriety of the other independent provisions.

But this case is peculiar in another view of it. The appellants were entitled to the costs awarded to them in any event; and would be entitled to them even in case the order appealed from should be reversed, for in the latter case the order of reversal would, according to the settled practice, give (1) the costs of appeal (2) ten dollars' costs of motion below. It is these latter costs only which have been accepted by the appellants.

Thus it is seen that the acceptance of the costs in this case and the prosecution of the appeal are not at all inconsistent.

The motion to dismiss the appeal should be denied.

This conclusion disposes, also, of a like motion in the case of the *Water Commissioners* v. *Collins et al., Landowners.*

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Motion to dismiss denied.