EDWARD J. CHAPIN, Respondent, *v.* WALTER J. FOSTER, Appellant.

The court has no authority to impose as a condition of granting an order to set aside an execution against the person, unlawfully issued, that defendant shall stipulate not to sue for damages for an arrest under the unlawful process; nor does the fact that the order awards costs, authorize the condition.

*It seems* that if the condition be attached to the award of costs only, it would be proper.

Where the order imposes such a condition, defendant has the right to appeal from that portion thereof, so long as he has not availed himself of the portion awarding costs; it is not necessary to appeal from the whole order.

The complaint in this action alleged in substance that plaintiff, having in his possession certain property pledged to him as security for a debt, delivered the same to the defendant under an agreement between the parties and the pledgor, that defendant should receive the property, sell the same, and out of the proceeds pay plaintiff's claim; that defendant sold the property and has in his possession sufficient of the avails to pay plaintiff's debt, but refuses so to do. *Held*, that the action was *ex contractu* and no order of arrest having been issued therein a judgment in plaintiff's favor did not authorize an execution against the person. (Code of Civ. Pro., § 549.)

*Bartlett* v. *Stinton* (L. R., 1 C. P. 483), distinguished.

(Argued November 24, 1885; decided December 8, 1885.)

APPEAL from a portion of an order of the General Term of the Supreme Court in the third judicial department made November 20, 1883, which reversed with costs an order of the Special Term denying a motion to vacate or set aside an execution against the person of defendant, and granted the motion with costs of motion "upon the defendant stipulating not to sue for false imprisonment on account of his arrest or imprisonment under said execution." The appeal was from that portion of the order imposing the condition.

The complaint alleged in substance that plaintiff in October, 1875, had in his possession certain property pledged to him as security for a debt. That the pledgors and defendant being desirous of obtaining possession of said property, entered into an agreement with plaintiff, by which defendant agreed to receive said property, sell the same, and out of the proceeds, to pay among other debts, plaintiff's claim. That in pursuance of said agreement, plaintiff delivered the property to defendant, who sold and converted the same into money ; realizing more than sufficient to pay for all the indebtedness specified in the contract including plaintiff's claim ; but that although he has the money in his possession he refuses to pay said claim. No order of arrest was obtained. Plaintiff obtained judgment, and upon return of execution against property unsatisfied the execution in question was issued, and defendant was arrested by virtue thereof.

*Geo. W. Stephens* for appellant. Whenever a party is entitled to a vacation of an order as a matter of right, the court cannot abridge that right by compelling him in order to obtain it to surrender another. (*Matter of Bradner*, 87 N. Y. 171; *Tompkins* v. *Smith*, 62 How. 449; *Wilder* v. *Guernsey*, 19 Alb. L. J. 401; *Mayer* v. *Rothschild*, 59 How. 510; *Faulkner* v. *Morey*, 22 Hun, 379; *Crotty* v. *Kimball* [MSS.] Gen. Term, Sup. Ct., Oct. 1885.)

*John W. Stone* for respondent. The action being for conversion and misappropriation, a body execution was prop-

erly issued. (*Roberts* v. *Prosser*, 53 N. Y. 260; *Wood* v.
*Henry*, 40 id. 124; *Segelken* v. *Meyer*, 94 id. 473.)   The court
had power to impose the condition not to sue for false im-
prisonment. (*In re Bradner*, 87 N. Y. 176; *Morangue* v.
*Walden*, 6 Hun, 529 ; *Mobnow* v. *Kenan*, 22 How. 190 ; *Par-
cher* v. *Billows*, 23 id. 421; *Brown* v. *Teat*, 1 Hill, 221;
*Chandler* v. *Bricknell*, 4 Cow. 49 ; *Robb* v. *Moffat*, 3 Johns.
397.)   The appellant should have appealed from the entire or-
der. ( *Wallace* v. *Castel*, 68 N. Y. 370; *Bartlett* v. *Stinton*,
L. R., 1 C. P. 483.)   The defendant cannot enforce that por-
tion of the direction that was favorable to him and appeal
from the portion that was unfavorable. (*Bennett* v. *Vansykler*,
18 N. Y. 481; *Greenberg* v. *Blumendahl*, 66 How. 62;
*Wheeler* v. *Tracy*, 47 N. Y. 368 ; *Tribune* v. *Smith*, 40 id.
81; *Matter of Water-Works*, 85 id. 478, 648.)

RAPALLO, J. This case comes within the decision in *Segelken*
v. *Meyer* (94 N. Y. 473).   The action was not one of those
specified in section 549 of the Code of Civil Procedure, but
was *ex contractu* for neglecting and refusing to pay a debt due
to the plaintiff out of the proceeds of property which had been
placed in the hands of the defendant to be by him  'd for the
purpose of paying certain debts, among which was that due
the plaintiff.   No order of arrest having been issued in the
action, the judgment therein did not authorize an execution
against the person.   The execution against the person of the
defendant was, therefore, unlawfully issued, and the defendant
had a legal right to a reversal of the order of the Special
Term, which denied his motion that it be set aside and he be
released from the custody of the sheriff.

The General Term consequently erred in attaching to its
order of reversal the condition that the defendant should stip-
ulate not to sue, etc. (*Matter of Bradner*, 87 N. Y. 171;
*Crotty* v. *Kimball*, N. Y. Gen. Term, Oct. 1885.)

It is claimed that, as the order of reversal awards costs to the
defendant, and such award of costs was in the discretion of
the court, it had the right to attach the condition in question to

its order. If the condition had been attached to the award of costs simply, it could stand, but it is not so limited. It is attached to the whole order, and the consequence is, that if the defendant declined to give the stipulation, the erroneous order of the Special Term and the execution against his person would remain in force. The plaintiff claims that the defendant should have appealed from the whole order. This, it is obvious, he could not be required to do, for a reversal of the whole order would have left the order of the Special Term, and the execution, in full force.

It does not appear that the defendant has collected or demanded the costs awarded to him by the order of reversal, and the case, therefore, does not come within that class of cases which hold that a party who has availed himself of provisions in his favor, contained in an order, has thereby waived the right to appeal from other provisions therein which are adverse to him.

The case is distinguishable from that of *Bartlett* v. *Stinton* (L. R., 1 C. P. 483). In that case the moving party, by his notice of motion, asked the court for the exercise of its discretionary power in his favor, and his motion was granted on terms. In the present case the decision of the Special Term was against him. He did not, by his appeal to the General Term, ask for the exercise of any discretion, nor submit himself to its discretion to impose terms upon him. His appeal was based upon a purely legal point, and the effect of the appeal was to demand, as matter of right, that the erroneous order appealed from be reversed. Whatever the General Term added to that reversal was of its own volition, and the defendant had the right to appeal from that part of the order which prejudiced him, so long, at all events, as he had not undertaken to enforce any other part of the order which rested in the discretion of the General Term.

The order of the General Term should be modified by striking out the condition specified in the notice of appeal, with costs.

All concur.

Ordered accordingly.