THOMAS CANARY, Respondent, v. EDWIN KNOWLES AND THEODORE MORRIS, Appellants.

*Practice — a party by accepting a benefit under one provision of an order waives his right to appeal from the other provisions of the order.*

At a Special Term held on December 19, 1885, the return day of an order to show cause which enjoined the defendants from allowing any person other than the plaintiff to occupy for dramatic purposes the building known as the " Grand Opera House," in Brooklyn, during the week commencing December 11, 1885, an order was made continuing the injunction, provided " that in case the defendants shall serve a written stipulation that the damages to be recovered by the plaintiff in this action (in case he shall be decreed to be entitled to recover damages from the defendants therein) will be two thousand dollars, less the expenses of the salaries of the company for the week in question which the plaintiff will not be bound to pay; that upon the service of such stipulation, signed by the defendants' attorney, upon the plaintiff's attorney, the injunction hereby granted shall thereupon stand dissolved."

On December twenty-first the defendants executed and served the stipulation, with a notice indorsed thereon " that the within stipulation is made and served in pursuance of the injunction order of the nineteenth instant, and that the same is made and served under protest and is not to be considered as constituting an assent to such order or any waiver of the defendants' right to appeal therefrom."

*Held,* that by serving the stipulation and accepting the benefit in such case conferred by the order the defendants waived their right to appeal from the order.

*Chapin* v. *Foster* (33 Alb. L. J., 33) followed.

That the protest did not prevent their action from operating as a waiver of their right to appeal.

*Dambmann* v. *Schulting* (6 Hun, 29) followed.

APPEAL from an order made at a Special Term, continuing an injunction during the pendency of this action.

*Hirsh & Rasquin* and *George W. Wingate,* for the appellants.

*W. Bourke Cochran,* for the respondent.

CHURCHILL, J. :

December 16, 1885, plaintiff procured an order of injunction forbidding defendants to allow any person other than the plaintiff to occupy for dramatic purposes the building known as the "Grand Opera House," in the city of Brooklyn, during the week commencing December 21, 1885, or until the further order of the court; and also ordering the defendants to refrain from interfering in any manner with the right of the plaintiff to occupy the same during that week.

The order further required the defendants to show cause at a Special Term, to be held at Chambers, in New York, December 19, 1885, why the injunction should not be continued during the pendency of the action. On the nineteenth cause was shown and an order made by the court continuing and making permanent the injunction, but with the following proviso added : "Provided, however, that in case the defendants shall serve a written stipulation, that the damage to be recovered by the plaintiff in this action (in case he shall be decreed to be entitled to recover damages from the defendants therein) will be two thousand ($2,000) dollars, less the expenses of the salaries of the company for the week in question, which the plaintiff will not be bound to pay; that upon the service of such stipulation, signed by the defendants' attorneys, upon the plaintiff's attorney, the injunction hereby granted shall thereupon stand dissolved."

December twenty-first the defendants executed and served the stipulation called for by the proviso, and the injunction was thereupon dissolved. Indorsed upon the stipulation, as served, was the following notice:

"Please take notice that the within stipulation is made and served in pursuance of the injunction order of the nineteenth instant, and that the same is made and served under protest, and is not to be

considered as constituting our assent to such order, or any waiver of the defendants' right to appeal therefrom.

"Dated *December* 21, 1885.

"HIRSH & RASQUIN,

*"Attorneys for Defendants.*

"To W. BOURKE COCHRAN, Esq.,

*"Attorney for Plaintiff."*

December twenty-second the defendants appealed from the order of December nineteenth, and every part of it, to the General Term. The proviso of the order was a favor to the defendants. It put it within their power to obtain what, in showing cause, they were seeking to obtain, *i. e.*, a dissolution of the injunction. They availed themselves of the proviso, and thereby obtained such dissolution. This action on their part was inconsistent with, and a waiver of, their right to appeal from the order. (*Smith* v. *Rathbun*, 75 N. Y., 122; Baylies on New Trials and Appeals, 19 *et seq.*, and cases cited; 4 Wait's Pr., 216.)

It cannot be said that the defendants acted under duress in serving the stipulation. Had the proviso been omitted, their only remedy would have been an appeal from the order. This remedy was equally open to them, the proviso being added. (*Chapin* v. *Foster* [101 N. Y., 1], 33 Alb. L. J., 33.)

The case just cited recognizes the rule "that a party who has availed himself of provisions in his favor, contained in an order, has thereby waived the right to appeal from other provisions therein which are averse to him. The defendants, in acting upon the proviso and serving the stipulation, made the plaintiff's situation less favorable than it was when the order appealed from was made, since by their action the injunction was dissolved, and they could not after that insist upon their right of appeal. (*Grunberg* v. *Blumenlahl*, 66 How., 62.) The protest served did not prevent the defendants' action operating as a waiver of their right to appeal. (*Dambmann* v. *Schulting*, 6 Hun, 29.)

The order appealed from should be affirmed, with ten dollars costs and usual disbursements.

BRADY, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.