CARTER *et al. v.* NEW YORK EL. R. CO. *et al.*

(*Superior Court of New York City, General Term.* November 22, 1889.)

EVIDENCE—EXPERT TESTIMONY—GROUNDS OF OPINION.

In an action for damages to abutting property, caused by operating an elevated railroad, and to enjoin its further use, where expert testimony of the value of the property is given, the opinions of adjoining property owners, not experts, are admissible to show the value of the expert testimony.

Appeal from special term.

Action by Oliver S. Carter and Henry E. Hawley against the New York Elevated Railroad Company and the Manhattan Railway Company, to recover damages to abutting property by the operation of defendant's railway, and to restrain its further use. Judgment for plaintiffs, and defendants appeal.

Argued before SEDGWICK and FREEDMAN, JJ.

*Edward C. James* and *Davies & Rapallo,* for appellants. *Thomas T. Shearman, William V. Rowe,* and *Evarts, Southmayd & Choate,* for respondents.

SEDGWICK, J. The judgment for the injunction in this case should be affirmed, under the decisions that have been made in like cases. If it be assumed that testimony on this issue was improperly admitted, enough other testimony appeared that, as matter of law, supported the injunction under these decisions. The court below proceeded to ascertain the terms upon the performance of which by the defendants the injunction might be dissolved, and made rulings as to the evidence on this point, which the appellant now argues were erroneous. These rulings concerned opinions of the owners of adjoining property of the value of such property, they not being "experts," as it is called, in estimating the values of real property. But the opinions of experts had been given in evidence, and it was important to ascertain the value as testimony of these opinions. The court was at liberty to examine the grounds of such opinion. These grounds were not matters of fact, legally proved, and were in part, at least, the values that the adjoining owners placed upon their property; for the market value would be the resultant of the opposition between buyers and sellers. The rulings were not erroneous. But, if they were, they did not affect the absolute right to an injunction that the defendants stay their invasion of plaintiffs' property. The ascertainment of the condition was not due to any equity the defendants had as against the plaintiffs, or because, equitably, the plaintiffs' right to a permanent injunction was a modified one, and not absolute. Substantially the condition was gratuitously made as to the defendants, and was allowed for the sake of third parties. The whole judgment should not be set aside, because the judge below ascertained what values owners on the street attached to their own property or that belonging to others. In my opinion, the judgment should be affirmed, with costs.