### LAWRENCE *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* January 5, 1891.)

**1. EMINENT DOMAIN—COMPENSATION—EVIDENCE—INJUNCTION.**

In an action, the judgment in which awarded an injunction against the maintenance of defendants' railroad in the highway in front of plaintiff's property, with a condition that it should be inoperative on payment of a certain sum, and also awarded damages for past injury to the property, the admission of proof of an offer ·for the property, as evidence of the value of the fee, is not ground for reversal, as affecting the recovery of damages, that being merely incidental to the right to relief by injunction, or as affecting the amount to be paid to arrest the injunction, that condition not being open to attack by defendant.

**2. SAME—SUSPENSION OF INJUNCTION.**

Defendant was not entitled to have the judgment provide for a suspension of the injunction upon the acquisition by it of the property by condemnation, as a matter of right; nor, under the circumstances, on equitable grounds, having been for 10 years an intruder on the property without attempting legally to acquire it.

Appeal from special term.

Action by Francis C. Lawrence against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. Defendants appeal from a judgment for plaintiff entered on trial by the court without a jury. For former reports, see 8 N. Y. Supp. 326, 10 N. Y. Supp. 743.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo*, *(Julien T. Davies* and *Brainard Tolles*, of counsel,) for appellants. *John A. Weekes, Jr.*, *(Henry A. Forster*, of counsel,) for respondent.

PRYOR, J. Appeal from a judgment in equity awarding an injunction, and damages for injury to plaintiff's property. The action is to restrain the maintenance and operation of defendants' railroad in the highway fronting plaintiff's property; and, as incidental relief, for the loss already sustained by plaintiff from the depreciation in the rental value of that property occasioned by the presence and operation of defendants' railroad. The chief error alleged as ground for the reversal of the judgment is the admission of incompetent evidence, namely, proof of an offer for the property as evidence of its fee value. · In our view, upon the assumption of the incompetency of the evidence, its admission is inoperative to affect the validity of the judgment. The basis of the action is a right to injunctive relief; and the recovery of past damages is merely incidental, and is allowable only for the purposes of complete justice, upon the principle that when equity legitimately acquires jurisdiction it will proceed to dispose of the entire controversy. *Henderson* v. *Railroad Co.*, 78 N. Y. 423; *Shepard* v. *Railroad Co.*, 117 N. Y. 442, 23 N. E. Rep. 30. ·"The court having gained jurisdiction for the purpose of restraining the defendant, it was proper to award damages for the injuries sustained before the commencement of the action." *Fox* v. *Fitzsimmons*, 29 Hun, ·574, 578. It results that, if no ground of equitable relief be established,—here a right to an injunction,—plaintiff cannot have an award of damages, but the action must be dismissed. *Bradley* v. *Aldrich*, 40 N. Y. 504; *Wheelock* v. *Lee*, 74 N. Y. 495; *Arnold* v. *Angell*, 62 N. Y. 508; *Beck* v. *Allison*, 56 N. Y. 366. Still more obvious and indisputable is it that a right to recover compensation for the value of fee is not a constituent of the cause of action exhibited by the ·complaint. The judgment imposes no obligation on defendants to pay plaintiff the value of the fee. Indeed, a judgment purporting to impose such obli-

gation would be a legal solecism; for such a judgment involves the concession that damages afford a complete reparation to plaintiff, but equity is ousted of jurisdiction the moment it appears that money is an adequate remedy for the wrong. Then, too, in legal effect, the injunction stops the injury; but an award of damages for the fee proceeds upon the hypothesis that the injury is to continue in perpetuity.

Again, upon the supposition that the award of damages for the fee is intended as compensation for the taking of plaintiff's property by defendant railroad company,—and such award can be for no other purposes,—we are confronted by the fact that the constitution of the state (article 1, § 7) has prescribed another tribunal for the ascertainment of the amount to be paid for property taken for public use, and so a court of equity has no jurisdiction of the subject. *Hilton v. Bender*, 69 N. Y. 76, 86; *Menges* v. *City*, 56 N. Y. 374. It follows, therefore, that, when the court proceeded to inquire as to the value of plaintiff's fee taken by defendant, it was not engaged in the determination of any issue in the action,—the sole issue being as to the right to an injunction,—nor in administering any relief legally comprehended in the scope of the action as a suit in equity,—such incidental relief being only an award of damages for past injuries. But the true theory of the case is this: that, having determined plaintiff's right to an injunction restraining the maintenance of defendants' railroad, the court, as a favor to defendant, proceeded to couple its injunction with a condition; namely, that if defendant would pay plaintiff a certain sum, then the operation of the injunction should be arrested. There was no compulsion upon the court to proffer defendant this alternative, but it would have satisfied all the legal exigencies of the action by the issuance of an absolute injunction. On the other hand, defendant is under no obligation to accept the alternative, but is perfectly free to reject the condition. *Bartlett* v. *Stinton*, L. R. 1 C. P. 483, 484. *Henderson* v. *Railroad Co.*, 78 N. Y. 423, 430; *Carter* v. *Railroad Co.*, 7 N. Y. Supp. 678; *Eno* v. *Railway Co.*, 8 N. Y. Supp. 197; *New York Nat. Exc. Bank* v. *Railway Co.*, 53 N. Y. Super. Ct. 511, 108 N. Y. 660, 15 N. E. Rep. 445; *Welsh* v. *Railroad Co.*, 8 N. Y. Supp. 492. Hence this dilemma, namely, should the defendant reject the invitation to pay plaintiff the value of his fee, then manifestly no injury ensues to defendant from any error in ascertaining the amount of that value; or should the defendant accept the offer as a condition of escape from the injunction, then, by all authorities, he is precluded to challenge that condition. *Carll* v. *Oakley*, 97 N. Y. 633; *Radway* v. *Graham*, 4 Abb. Pr. 468; *Smith* v. *Rathburn*, 75 N. Y. 122; *Murphy* v. *Spaulding*, 46 N. Y. 559; *Knapp* v. *Brown*, 45 N. Y. 210; *Genet* v. *Davenport*, 59 N. Y. 648; *Wallace* v. *Castle*, 68 N. Y. 375; *Bennett* v. *Van Syckel*, 18 N. Y. 481; *Marvin* v. *Marvin*, 11 Abb. Pr. (N. S.) 97; *Chapin* v. *Foster*, 101 N. Y. 1, 3 N. E. Rep. 786; *Dumbman* v. *Schulting*, 6 Hun, 29; *Claflin* v. *Frenkel*, 29 Hun, 288; *Platz* v. *City*, 8 Abb. N. C. 392. Whether defendant reject or accept the condition, *i. e.*, payment of the fee value to arrest the injunction, he cannot attack the condition for another reason, namely, that it was propounded by the court as a favor and in the exercise of its discretion. *Smith* v. *Dodd*, 4 E. D. Smith, 643. In *Re Bradner*, 87 N. Y. 171, 177, was said: "Having submitted himself to the discretion of the court, he cannot complain of the manner of its exercise." *Chapin* v. *Foster*, 101 N. Y. 1, 3 N. E. Rep. 786; *Vibbard* v. *Roderick*, 51 Barb. 616; *In re Tyng*, 17 Wkly. Dig. 234; *Ferry Co.* v. *Allen*, 12 Civil Proc. R. 64; *Bartlett* v. *Stinton*, L. R. 1 C. P. 484. The conclusion is that, since the alleged error infects no element of judgment, it is inoperative to impair the validity of the judgment. It is proper, however, to add that, in our opinion, the sum awarded to plaintiff for the value of the fee is not so extravagant as, on review by the general term, would authorize an interference as an abuse of discretion by the court below.

Appellant contends, further, that the error in the admission of the evidence affects the judgments for damages from depreciation of the rental value of the property. But the error, if any, was plainly of no prejudice to the defendant; because—*First*, the effect of the evidence in proof of rental value was extremely faint and remote; *secondly*, the depreciation of rental value was substantially the same upon the evidence of both parties; *thirdly*, where any discrepancy appears, the plaintiff's estimate is supported by proof of the rent actually received; and, *fourthly*, the sum allowed for depreciation of rental value is less than is shown by the evidence. An obvious corollary from the proposition that the condition of defeasance attached to the injunction was purely gratuitous and discretionary is that the defendant could not, of right, demand that the operation of the injunction should be suspended upon the acquisition of the property in controversy by a condemnation proceeding. Nor, had the application for such suspension been addressed to the favor of the court, would it have been supported by any apparent equity,—seeing that for 10 years defendant has been an intruder upon plaintiff's property, and yet has made no effort, by a legal method, to acquire the property it has so long and so lawlessly appropriated. In the remaining allegations of error urged by appellants we perceive none of sufficient gravity to require a reversal of the judgment, and accordingly it must be affirmed, with costs. All concur.