JAMES O'NEILL, Appellant, *v.* BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

EDWARD O'NEILL, Appellant, *v.* THE SAME, Respondent.

*Negligence — nominal damages — question of the inadequacy of the verdict.*

In an action brought to recover damages for a personal injury alleged to have been suffered by the plaintiff through the negligence of the defendant, a street railroad company, in operating a cable car, by which a horse which the plaintiff was riding was struck and the plaintiff thrown, the jury rendered a verdict in favor of the plaintiff for six cents, and on appeal by the plaintiff, the question presented was whether the General Term should interfere with the judgment on the ground of the inadequacy of the damages.

*Held,* that as the testimony did not show that the plaintiff's injuries were severe, and there was evidence from which the jury might have found them to be slight, the verdict was not so palpably inadequate as to justify an interference with the judgment.

In an action brought against the same railroad company by the owner of the horse, to recover damages for the injuries sustained by the horse, tried with the above-mentioned action, the jury also rendered a verdict in favor of the plaintiff for six cents. It appeared that the evidence of the plaintiff and of the rider of the horse, as to the extent of the injuries, if credited, would call for a substantial verdict, but the case showed that the plaintiff had applied to a veterinary surgeon, within a few days after the accident, who did not discover the injury to be as claimed by the plaintiff.

*Held,* that the jury had abundant reason for placing the injury at a nominal sum in case they discredited the plaintiff and the rider of the horse, and that the judgment should be affirmed. (DYKMAN, J., dissenting.)

APPEALS by the respective plaintiffs, James O'Neill and Edward O'Neill, from judgments of the Supreme Court, entered in the office of the clerk of Kings county on the 8th day of February,

1893, in favor of the defendant for costs, upon a verdict in favor of the respective plaintiffs for six cents damages each, rendered at the Kings Circuit, and from orders denying the plaintiffs' motions for a new trial made upon the minutes of the court.

*James P. Niemann,* for the appellants.

*Henry D. Hotchkiss* and *William S. Maddox,* for the respondent.

DYKMAN, J.:

Both of these actions are based upon negligence, and as the cause of action grew out of the same accident, they were both tried together at the Circuit before a jury, and both plaintiffs recovered a verdict for six cents damages.

Both have appealed from the judgment entered upon the verdict, and from the order denying a motion for a new trial upon the minutes of the court.

The facts are substantially these: The plaintiffs are brothers. Edward was in the employ of his brother James, who was the owner of a horse. While Edward was riding the horse down Montague street in the city of Brooklyn, it was struck by one of the cable cars of the defendant and thrown down, and Edward went off. Both horse and man received injuries, and these actions are for the recovery of damages resulting therefrom.

As we have stated, the verdict was in favor of the plaintiffs in both cases, and so it must be assumed that the jury found all the facts in favor of the plaintiffs, and the question is whether we should interfere with the judgment by reason of the inadequacy of the damages.

In relation to the plaintiff Edward, the testimony did not show his injuries to be severe, and there was evidence from which the jury might find them to be slight. In his case, therefore, the verdict was not so palpably inadequate as to justify our interference with the verdict.

In relation to James O'Neill, however, we cannot take the same view. There was no evidence to justify a nominal verdict in his case. The horse was shown to be a fine young horse of the value of $500 or $600 previous to his injuries, and after that to be worth no more than $100.

That testimony was uncontradicted, and there was no dispute about his injuries. His hip was knocked out of place and he was injured otherwise. Under such proof there was no justification for a nominal verdict, and it should have been for substantial damages.

The size of the verdict shows that it was the result of mistake or passion or prejudice. It is unjust and should not be permitted to stand. It finds that the defendant has negligently inflicted serious injuries to a valuable horse belonging to the plaintiff without his fault or the fault of his servant, and then assessed his damages at six cents.

With full knowledge and appreciation of the peculiar province of the jury in the determination of the amount of damages to be allowed in actions sounding in tort, and the reluctance with which appellate courts interfere with verdicts upon questions of amount only, we yet recognize the rule which permits such interference in a proper case.

Juries cannot be permitted to do injustice to suitors. Inadequate and excessive verdicts stand upon the same ground, and where they are so large or so small as to be palpably unjust, and the result either of an objectionable compromise, passion or prejudice, improper influence or disregard of law, it is the duty of the courts, in the exercise of the supervisory power with which they are clothed, to review the evidence and grant a new trial, where the ends of justice require it. (_McDonald_ v. _Walter_, 40 N. Y. 551 ; _Platz_ v. _City of Cohoes_, 8 Abb. N. C. 392; _Cowles_ v. _Watson_, 14 Hun, 41.)

This question comes legitimately before us on the appeal from the order denying the motion for a new trial on the minutes of the court. The trial judge may now grant a new trial because the verdict is for excessive or insufficient damages (Code Civ. Proc. § 999), and one of the grounds of the motion for a new trial upon the minutes in this case was the insufficiency of the damages. (See, also, _Cowles_ v. _Watson_, 14 Hun, 42.)

The judgment and order denying the motion for a new trial in the case of Edward O'Neill should be affirmed, with costs, but the judgment and order denying the motion for a new trial in the case of James O'Neill should be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurs in so far as it affirms judgment in the case of Edward O'Neill, and dissents to reversal of verdict in the case of James O'Neill.

BARNARD, P. J.:

I am for affirming both judgments.

BARNARD, P. J.:

The extent of the injury to the horse alleged to have been caused by the accident, depended very much, if not entirely, on the testimony of the plaintiff and his brother Edward, who was riding the horse when he was injured. It is true that these witnesses, if credited, would call for a substantial verdict, but the case shows that the plaintiff applied to a veterinary physician to pronounce the horse sound within a few days after the accident. The plaintiff says that he was requested to have this examination made by the physician at the request of one McCoy, who knew of the injury the horse sustained, and wanted to buy him. The doctor did not discover the extent of the injury as claimed by the plaintiff. He said the horse was lame, but he discovered no dislocated hip. The jury had abundant reason for placing the injury at a nominal sum in case they discredited these two witnesses.

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., dissented.

Judgment and order denying new trial affirmed, with costs.